UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RICHARD JAMES WOODRASKA,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, CHIEF WARDEN, IN HIS OFFICIAL CAPACITY; MIKE LEIDHOLT, CABINET SECRETARY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY BAKER, SERGEANT, IN HIS INDIVIDUAL CAPACITY; Z. LENTSCH, SERGEANT, IN HIS INDIVIDUAL CAPACITY; AND TAYLOR YOST, SCO, IN HIS INDIVIDUAL CAPACITY;<br><br>Defendants. | 4:21-CV-04120-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING DISMISSING IN PART AND DIRECTING SERVICE IN PART |

Plaintiff, Richard James Woodraska, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Woodraska moves for leave to proceed in forma pauperis and has filed a prisoner trust account report. Docs. 2 and 6. This Court now screens Woodraska's complaint under 28 U.S.C. § 1915A.

I.     **Motion to Proceed In Forma Pauperis**

Woodraska filed a motion to proceed in forma pauperis, Doc. 2, and a prisoner trust account report, Doc. 6, showing average monthly deposits of $84.13 and an average monthly balance of *negative* $8.43. Doc. 3. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "'When an inmate seeks pauper status, the only

1

issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.'" Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Woodraska's prisoner trust account, this Court grants Woodraska leave to proceed in forma pauperis and waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Woodraska must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Woodraska's institution. Woodraska remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

2

## II.     1915A Screening

### A.     Factual Background

Woodraska sues Chief Warden Darin Young in his official capacity, Cabinet Secretary Mike Leidholt in his individual and official capacity, and Sergeant Jeremy Baker, Sergeant Z. Lentsch, and SCO Taylor Yost in their individual capacities. Doc. 1 at 3-5. Woodraska claims that on February 10, 2021, at about 6:10pm, he was assaulted by Defendants Baker, Lentsch, and Yost. Doc. 1 at 7-8. He alleges that Defendant Baker broke his leg and kneed him while Defendants Lentsch and Yost kneed him in the face, punched him, and twisted his leg after he said it was broken. Id. at 9. Defendant Yost also told the other two to kill Woodraska, and one of the officers placed his knee on Woodraska's neck until he passed out. Id. He also alleges that Defendant Lentsch hit his head against a holding cell wall. Id. at 7. As a result of this attack, Woodraska claims that his face was bruised and his leg was broken, which required surgery. Id. at 9. He also claims that he struggles with severe mental health issues related to the use of force. Id. In the attached appeal of his request for administrative remedy filed with the South Dakota Department of Corrections, Woodraska also alleges that he was sprayed with five cans of pepper spray during the incident and that he was not taken to the hospital despite his injuries. Doc. 1-1 at 2.

Woodraska brings claims for excessive force under the Eighth Amendment against Defendants Baker, Lentsch, and Yost. Id. at 4, 10. He seeks a restraining order against these defendants because he fears retaliation and $150,000 in punitive damages for excessive force. Id. at 9. He also brings claims against Defendant Young for failure to properly train officers and against Defendant Leidholt for approving an inadequate use of force policy. See id. at 7, 9.

### B.     Legal Standard

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**C.     Official Capacity Claims**

Woodraska has sued Defendants Young and Leidholt in their official capacities. Doc. 1 at 3. Both defendants were employees of the South Dakota Department of Corrections at the time

4

of the incident in question. Id. As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. See Pearson v. Callahan, 555 U.S. 223, 242-243 (2009). Here, Woodraska appears to seek injunctive relief only against Defendants Yost, Baker, and Lentsch, and not against Defendants Young and Leidholt. Doc. 1 at 9. Thus, his complaint appears to seek only money damages against the two prison administrators sued in their official capacities. Woodraska's claims against Defendants Young and Leidholt are the equivalent of claims for money damages against the state of South Dakota. The state of South Dakota has not waived its sovereign immunity to allow Woodraska's official capacity claims. Thus, the defendants are protected against the sort of official capacity claims that Woodraska has pleaded.

### D.  Individual Capacity Claims

Woodraska sues Defendants Baker, Lentsch, and Yost in their individual capacities for the alleged excessive use of force and Defendant Leidholt in his individual capacity for approving an inadequate use of force policy. Id. at 3-4, 7. The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992). In considering an Eighth Amendment

claim for excessive force, the "core judicial inquiry . . . [is] whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 7). In evaluating whether the force was reasonable and in good faith, courts may consider the need for applying force, the relationship between that need and the amount of force utilized, the threat the responsible officials reasonably perceived, any efforts used to diminish the severity of a forceful response, and the extent of the injury inflicted. Walker v. Bowersox, 526 F.3d 1186, 1188 (8th Cir. 2008).

Woodraska provides little information about the circumstances under which excessive force was allegedly used against him, nor does he provide documentation of his injuries. See Doc. 1. But Woodraska attached a Notice of Rejection of his appeal of the denial of administrative remedy, in which Defendant Leidholt acknowledges that Woodraska suffered a fracture, which was discovered the day after the incident. Doc. 1-1 at 1. The Notice of Rejection justifies the use of force as a means of self-defense because Woodraska ran out of his holding cell and threatened Defendants Baker, Lentsch, and Yost with a broken broom handle. Id. Given the severity of the injuries and the degree of force alleged, Woodraska has stated a claim sufficient to survive § 1915A screening for excessive force against Defendants Baker, Lentsch, and Yost.

As to the claim against Defendant Leidholt for approving an inadequate use of force policy, Woodraska makes no factual allegations as to what the policy was or how the policy was inadequate. Also, Woodraska has not stated the relief he seeks from Defendant Leidholt. Woodraska has not alleged sufficient facts to state a claim about any use of force policy at this

6

time. Thus, his claim against Defendant Leidholt is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. Order

Accordingly, it is

ORDERED that Woodraska's motion to proceed in forma pauperis, Doc. 2, is granted and his initial filing fee is waived. It is further

ORDERED that the institution having custody of Woodraska is directed that whenever the amount in Woodraska's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Woodraska's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that Woodraska's excessive force claim against Defendants Baker, Lentsch, and Yost in their individual capacities survives 28 U.S.C. § 1915A screening. It is further

ORDERED that Woodraska's claim against Defendant Young in his official capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Woodraska's claim against Defendant Leidholt in his individual and official capacities is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the Clerk shall send blank summons forms and U.S. Marshals Service Form (Form USM-285) to Woodraska so that he may cause the complaint to be served upon Defendants Baker, Lentsch, and Yost. It is further

ORDERED that Woodraska shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and

USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order upon the defendants. It is further

ORDERED that the defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Woodraska will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Civil Local Rules while this case is pending.

DATED August 18th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE