UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD JAMES WOODRASKA, | ) | 4:21-CV-04120-RAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARIN YOUNG, CHIEF WARDEN, in his official capacity; MIKE LEIDHOLT, CABINET SECRETARY, in his individual and official capacity; JEREMY BAKER, SERGEANT, in his individual capacity; Z. LENTSCH, SERGEANT, in his individual capacity; and TAYLOR YOST, SCO, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) | MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) ) | |

Come now, the above-named Defendants, Jeremy Baker, Zane Lentsch, and Taylor Yost, by and through their undersigned counsel, and hereby move this Court, pursuant to Rule 56(a), Fed. R. Civ. P., for entry of summary judgment herein on the grounds of qualified immunity. As set forth in the accompanying Memorandum in Support of Summary Judgment, Statement of Undisputed Material Facts, affidavits and exhibits, there are no material facts in dispute and Defendants are entitled to judgment as a matter of law. Woodraska has not and cannot provide evidence from which a jury could reasonably find that the Defendants "acted maliciously and sadistically for the purpose of causing him harm." *McClanahan v. Young,* 2016 WL 520983 at \*9 (D.S.D.) (citing *Burns v. Eaton,* 752 F.3d 1136, 1139 (8th Cir. 2014)).

Cruel and unusual punishment, in the context of prison security, is said to exist "only where force is applied maliciously and sadistically for the very purpose of causing pain and suffering." *Cowans v. Wyrick,* 862 F.2d 697, 700 (citing *Whitley v. Albers,* 475 U.S. 312, 320, 106 S.Ct. 1078, 1085). While force may not be used by prison officials to "maliciously and sadistically cause harm" to an inmate, it is well established that "Correctional officers may 'use force reasonably in a good-faith effort to maintain or restore discipline.'" *Elk v. Yost,* 2019 WL 3207669 at *5 (D.S.D.) (citing *Treats v. Morgan,* 308 F.3d 868, 870 (8th Cir. 2002)). See also *Smith v. Brown,* 2018 WL 1440328 at *21 (D.S.D.). The record in the instant case clearly shows that it was Woodraska's own behavior which made it necessary for Defendants to have resorted to the use of force. *Smith v. Brown,* 2018 WL 4658223 at *16 (D.S.D.); *Vice v. Kirvin,* 2019 WL 1388627 at *3 (D.S.D.).

Accordingly, Defendants move the Court for entry of judgment in their favor and against Plaintiff.

Dated this 16th day of November 2021.

      /s/ Frank Geaghan
Frank Geaghan
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
Frank.Geaghan@state.sd.us

CERTIFICATE OF SERVICE

I hereby certify that on November 16th, 2021, I electronically filed with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

>Richard James Woodraska – Inmate #48789
>South Dakota State Penitentiary
>P.O. Box 5911
>Sioux Falls, South Dakota 57117-5911

 /s/ *Frank Geaghan*
Frank Geaghan
Assistant Attorney General